IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| METRA INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:12CV00049 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| RIVANNA WATER & SEWER | ) |
| AUTHORITY, INC. | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Metra Industries, Inc. ("Metra") filed this diversity action against Rivanna Water & Sewer Authority, Inc. ("RWSA"), asserting claims for breach of contract. The case is presently before the court on RWSA's motion to dismiss. For the following reasons, the motion will be denied.

### Background

In 2009, RWSA solicited bids from contractors for the Meadow Creek Sanitary Sewer Interceptor Upgrade Design Contract A and the Meadow Creek Sanitary Sewer Interceptor Upgrade Design Contract B (collectively, the "Contracts"). Metra, a New Jersey contracting company that specializes in utility and heavy construction projects, was awarded both Contracts after submitting the lowest bids. The Contracts were comprised of a number of documents, including the Standard General Conditions of the Construction Contract (the "General Conditions") and the Supplementary Conditions to EJCDC C-700 Standard General Conditions of the Construction Contract ("the Supplementary Conditions").

In the instant action, Metra claims that RWSA materially breached the Contracts by (1) refusing to pay for base contract work performed by Metra; (2) refusing to issue change orders and make payments to Metra for changed work, differing site conditions, and other extra work; (3)

failing to grant extensions of time for performance of the Contracts and then refusing to pay Metra's acceleration costs; (4) refusing to recognize substantial completion of the project and wrongfully withholding retainage; and (5) refusing to recognize final completion, accept the completed work, and make final payment.

Metra filed its original complaint on September 7, 2012. RWSA subsequently moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on November 26, 2012. Following the hearing, the court entered an order taking the motion under advisement pending the filing of an amended complaint.

Metra filed a 45-page amended complaint on December 11, 2012. RWSA answered the amended complaint on January 7, 2013. On January 28, 2013, RWSA filed an amended answer, which contains counterclaims against Metra for breach of contract.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions," or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

RWSA previously moved to dismiss the case on the grounds that Metra failed to state a claim upon which relief may be granted, and that Metra failed to plead compliance with a condition precedent to litigation.

I. **Failure to State a Claim**

As noted above, Metra has asserted multiple breach of contract claims against RWSA. Under Virginia law, the essential elements of a cause of action for breach of contract are: "(1) a legally enforceable obligation of [the] defendant to [the] plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

In challenging the sufficiency of the original complaint, RWSA argued that Metra's allegations were conclusory, and that they lacked specific details regarding the alleged breaches of the Contracts. Metra has amended its complaint to address the deficiencies outlined by RWSA. Having reviewed the amended complaint, the court concludes that Metra has pled adequate facts to make its breach of contract claims "plausible." See Iqbal, 556 U.S. at 578. While some claims may not withstand summary judgment, Metra's allegations are sufficient to withstand the pending motion to dismiss.

II. **Failure to Plead Compliance with a Condition Precedent**

RWSA also argued that Metra's action is barred because Metra failed to plead compliance with a condition precedent to litigation, namely ¶ 10.05 of the General Conditions. That paragraph provides, in pertinent part, as follows:

> A. *Engineer's Decision Required:* All claims, except those waived pursuant to Paragraph 14.09, shall be referred to the Engineer for decision. A decision by Engineer shall be required as a condition precedent to any exercise by Owner or Contractor of any rights or remedies either may otherwise have under the Contract

3

> Documents or by Laws and Regulations in respect of such claims.
>
> B. *Notice:* Written notice stating the general nature of each Claim shall be delivered by the claimant to Engineer and the other party to the Complaint promptly (but in no event later than 30 days) after the start of the event giving rise thereto. The responsibility to substantiate a Claim shall rest with the party making the Claim. Notice of the amount or extent of the Claim, with supporting data shall be delivered to the Engineer and the other party to the Contract within 60 days after the start of such event . . . .
>
> . . . .
>
> F. No Claim for an adjustment in Contract Price or Contract Time shall be valid if not submitted in accordance with this Paragraph 10.05.

(Docket No. 18-1 at 9-10) (emphasis added).

RWSA is correct that compliance with a condition precedent must be pled and proven under Virginia law. See, e.g., TC Midatlantic Dev., Inc. v. Commonwealth, 695 S.E.2d 543 (Va. 2010). However, federal pleading rules apply to the instant action. See, e.g., Mendez v. Bank of Am. Home Loans Servicing, LP, 840 F. Supp. 2d 639, 647 (E.D. N.Y. 2012); Bizmark, Inc. v. Indus. Gas & Supply Co., Inc., 358 F. Supp. 2d 518, 522 (W.D. Va. 2005). Under Rule 9(c) of the Federal Rules of Civil Procedure, "a party is not required to allege specific factual matters with respect to the satisfaction of conditions precedent." Equal Emp't Opportunity Comm'n v. United States Steel Corp., No. 10-1284, 2012 U.S. Dist. LEXIS 101872, at *26 (W.D. Pa. July 23, 2012). Instead, "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c) (emphasis added). "Thus, for a contract claim, it is sufficient that the pleader tracks the language of Rule 9(c) . . . ." Mendez, 840 F. Supp. 2d at 647 (quoting Moore's Federal Practice § 9.04 (2011) (internal quotation marks omitted)).

In the instant case, Metra's amended complaint does just that. It affirmatively states that "[a]ny and all applicable and enforceable conditions precedent under [Contracts A and B] and applicable law to . . . commencing this action have occurred or been performed." (Docket No. 23

4

at ¶¶ 116, 129.) The court is convinced that such allegations are sufficient to satisfy Rule 9(c)'s liberal pleading standard and, thus, withstand a motion to dismiss.* See Mendez, 840 F. Supp. 2d at 647; see also APR Energy, LLC v. Pakistan Power Res., LLC, 653 F. Supp. 2d 1227, 1233 (M.D. Fla. 2009) (holding that the plaintiff's allegations were sufficient to withstand a motion to dismiss, where the plaintiff generally alleged that all conditions precedent to the bringing of the action had been satisfied).

## Conclusion

For the reasons stated, RWSA's motion to dismiss will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 14th day of February, 2013.

_____
Chief United States District Judge

---

\* RWSA may, of course, challenge the validity of Metra's allegations on summary judgment.

5