CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| METRA INDUSTRIES, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:12CV00049 |
| | ) **MEMORANDUM OPINION** |
| RIVANNA WATER & SEWER AUTHORITY, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the defendant's motion to dismiss Count III of the plaintiff's second amended complaint. For the reasons set forth below, the motion will be granted.

## Background

In 2009, the Rivanna Water & Sewer Authority ("the Authority") solicited bids from contractors for the Meadow Creek Sanitary Sewer Interceptor Upgrade Design Contract A and the Meadow Creek Sanitary Sewer Interceptor Upgrade Design Contract B (collectively, the "Contracts"). Metra Industries, Inc., a New Jersey contracting company that specializes in utility and heavy construction projects, submitted the lowest bids and was awarded both Contracts.

On September 7, 2012, Metra filed the instant action against the Authority, asserting claims for various alleged breaches of the Contracts. Metra subsequently received a letter from the Authority declaring both Contracts terminated for default. Metra disagreed with the Authority's grounds for terminating the Contracts, and pursued the dispute resolution process set forth in the Contracts. After exhausting the contractual dispute resolution process, Metra moved for leave to file a second amended complaint against the Authority. That motion was granted and

Metra filed its second amended complaint on May 6, 2013.

In the second amended complaint, Metra claims that the Authority breached the Contracts by "improperly terminating [the Contracts] for default . . . when no grounds for termination existed," and that it is entitled to recover damages from the Authority as a result of the alleged breach. (2d Am. Compl. ¶¶ 135-36, 149-50.) The second amended complaint also includes a new claim for declaratory judgment (Count III), in which Metra likewise alleges that the Authority's "decision to terminate the Contracts was improper. (Id. ¶ 156.) Metra requests a judgment declaring that the Authority's "default and termination of [the Contracts] was wrongful and should have no force and effect." (Id. 47.)

The Authority has moved to dismiss Count III, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that it fails to state a proper claim for declaratory relief. The motion has been argued and fully briefed, and is ripe for decision.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In ruling on a 12(b)(6) motion, all well-pleaded allegations in the complaint are taken as true and all reasonable factual inferences are drawn in the plaintiff's favor. Id. at 244. Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

## Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)). This discretion stems from the Declaratory Judgment Act itself, which expressly states that district courts "may declare the rights and other legal relations of any interested party seeking a declaration." 28 U.S.C. § 2201(a) (emphasis added). In light of this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

Under Fourth Circuit precedent, a district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594 (4th Cir. 2004). In determining whether to exercise declaratory jurisdiction, the court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. (internal citation and quotation marks omitted). For the following reasons, the court concludes that neither of these objectives would be served by the requested declaratory judgment and, thus, that Count III is subject to dismissal.

With respect to the first factor, courts have repeatedly recognized that "[a] declaratory judgment serves no 'useful purpose' when it seeks only to adjudicate an already-existing breach of contract claim." Torchlight Loan Servs., LLC v. Column Fin., Inc., No. 11 Civ. 7426, 2012 U.S. Dist. LEXIS 105895, at *33 (S.D.N.Y. July 25, 2012); see also Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 11-21163-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 57041, at *2 (S.D. Fla. 2012) (noting that "[a] court must dismiss a claim for declaratory judgment

3

if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim"); Narvaez v. Wilshire Credit Corp., 757 F. Supp. 2d 621, 636 (N.D. Tex. 2010) (dismissing as "redundant" a declaratory judgment claim that was asserted in addition to a claim for of breach of contract); Camofi Master LDC v. Coll. P'ship, Inc., 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (emphasizing that the declaration sought would "already be addressed in the breach of contract claim" and, thus, that "a declaratory judgment would not further clarify legal relations among the parties").

In this case, the same conduct underlies Metra's claims for declaratory judgment and breach of contract. Metra alleges, as part of its claims for breach of contract, that the Authority "improperly terminat[ed] [the Contracts] for default. . . when no grounds for termination existed." (2d Am. Compl. ¶¶ 135, 149.) Likewise, in its claim for declaratory relief, Metra alleges that the Authority's "decision to terminate the Contracts was improper," in that it was "not grounded in the Contracts' provisions and procedures which set forth the conditions that must exist before [the Authority] could terminate the contracts." (Id. ¶¶ 156-57.) Because the declaratory judgment claim "seeks the resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action," the court agrees with the Authority that the claim for declaratory relief is duplicative, and that permitting the claim to proceed will not serve a useful purpose in settling the legal relations in issue. Sofi Classics S.A. de C.V. v. Hurowitz, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006).

Additionally, there is no indication that a declaratory judgment is necessary to "afford relief from the uncertainty . . . giving rise to the proceeding," Id. at 594, or to otherwise "guide the parties' conduct in the future." Tapia v. United States Bank, N.A., 718 F. Supp. 2d 689, 696 (E.D. Va. 2010); see also Merino v. EMC Mortg. Corp., No. 1:09-cv-1121, 2010 U.S. Dist. LEXIS

4

26539, at *14 (E.D. Va. Mar. 19, 2010) (noting that "a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future"). The Authority has already terminated the Contracts for default. Consequently, a declaration that the Authority's decision was improper would involve an adjudication of "past conduct," which "does not satisfy the requirements of a declaratory judgment action." FDIC v. Bd. of Supervisors, No. 1:11-cv-1394, 2012 U.S. Dist. LEXIS 102132, at *15 (E.D. Va. July 23, 2012) (citing Beazer Homes Corp. v. VMIF/Anden Southbridge Venture, L.P., 235 F. Supp. 2d 485, 494 (E.D. Va. 2002)); see also Tapia, 718 F. Supp. 2d at 695 (explaining that declaratory judgments "are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued") (internal citation and quotation marks omitted).

In opposing the Authority's motion, Metra argues that a declaration in its favor would provide "necessary certainty when Metra seeks to secure future contracting opportunities," by assuring "future project owners that Metra faithfully fulfilled its contractual obligations to [the Authority]." (Br. in Opp'n 5.) This argument, however, is unavailing. As set forth above, a declaratory judgment "is only appropriate when it would serve a useful purpose in clarifying and settling the legal relations in issue to guide the parties in the future." Beazer Homes, 235 F. Supp. 2d at 494 (emphasis added); see also Tapia, 718 F. Supp. 2d at 695. Such relief is not appropriate to merely influence the conduct or opinions of third parties or the public at large. See, e.g., Malibu Media v. Doe 1, No. DKC 12-1198, 2012 U.S. Dist. LEXIS 181165, at *11 (D. Md. Dec. 21, 2012) ("The Declaratory Judgment Act . . . is not intended to provide a forum for establishing the legal relations between declaratory defendants and all the world; rather, it only permits courts to clarify or settle the legal relations of the parties or to provide relief from the uncertainty,

insecurity, and controversy giving rise to the proceeding.") (internal citation and quotation marks omitted). Because there is no indication that the requested declaration will assist in guiding the parties' future conduct, and since the underlying allegations are duplicative of those asserted in support of the claims for breach of contract, the court concludes that Count III fails to state a proper claim for declaratory relief.

## Conclusion

For the reasons stated, the court will grant the Authority's motion to dismiss Count III of the second amended complaint. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 19th day of February, 2014.

_____
Chief United States District Judge